IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

RICHARD GLEN WEST                                                                                  PLAINTIFF

V.                                              NO. 12-3002

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Richard Glen West, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on September 11, 2008, alleging an inability to work since July 12, 2006, due to a recurring staph infection, back problems, anxiety, stress, and depression. (Tr. 186, 191). An administrative hearing was held on February 3, 2010, at which Plaintiff appeared with counsel, and he, his wife, and a friend testified. (Tr. 24-61).

By written decision dated September 23, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

sacroilitis, recurrent cellulitis/abscesses, mood disorder, generalized anxiety disorder, and polysubstance dependence in partial remission. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can only occasionally balance and stoop. He can never kneel, crouch, or crawl. He must avoid all exposure to vibration. From a non-exertional standpoint, he is limited to work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment required; and supervision required is simple, direct, and concrete.

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could not perform his past relevant work, but would be able to perform such jobs as hand packer; garment sorter; small parts assembler; final assembler; dowel inspector; and escort vehicle driver. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 8, 2011. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 6, 7).

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

AO72A
(Rev. 8/82)

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.     Discussion:

Plaintiff argues that the ALJ erred in his analysis of allegations of disabling pain and in discounting the opinion of Plaintiff's treating physician, Dr. Randal Spurgin, and failing to state the weight given to his opinion.

What causes the Court concern is the ALJ's findings regarding Plaintiff's musculoskeletal impairment and his cellulitis abscesses. On November 17, 2009, Dr. Spurgin completed a Physical RFC Questionnaire, wherein he stated that he first saw Plaintiff for his back pain on July 18, 2006. (Tr. 397). He diagnosed Plaintiff with lumbar strain with chronic low back pain, noting that physical activity made Plaintiff's pain worse, and that there was tenderness in his low back muscles at his SI (sacroiliac) joints. (Tr. 397). He found no neurological deficits, and noted that Ultram helped, and that Plaintiff was referred to a spine center and received injections in 2006, which provided no relief. (Tr. 397). Dr. Spurgin reported that Plaintiff's experience of pain or other symptoms were "severe enough to interfere with attention and concentration needed to perform even simple work tasks - constantly." (Tr. 398). He found that Plaintiff would sometimes need to take unscheduled breaks during an 8-hour

workday - every 15-20 minutes for 5 minutes; that Plaintiff could lift and carry occasionally less than 10 pounds; rarely 10-20 pounds; and never 50 pounds. (Tr. 399). He also found that Plaintiff could occasionally twist and stoop (bend); rarely crouch/squat and climb stairs; and never climb ladders. (Tr. 400).

At the hearing before the ALJ held on February 3, 2010, the ALJ determined that Plaintiff should be seen for an independent exam. (Tr. 59). Thereafter, on March 29, 2010, Plaintiff presented himself to Dr. Ted Honghiran, who conducted an orthopaedic examination. (Tr. 434-436). Dr. Honghiran noted that Plaintiff's 2006 MRI was negative and that Plaintiff had tried steroid injections with no relief. He also reported that Plaintiff was able to dress and undress himself with no problems, and was able to walk with no limp. (Tr. 435). He also reported that Plaintiff had painful range of motion of the lumbar spine, could still flex 60 degrees and bend to the side, 25 degrees on both sides. (Tr. 435). Plaintiff had normal reflex and sensation and had negative straight leg raising in both legs. The examination of Plaintiff's cervical spine showed complete range of motion with minimal pain and he had normal reflex and sensation in both arms. (Tr. 435). Dr. Honghiran reported that x-rays of the lumbar spine showed some calcifications of the anterior aspect of the lumbar spine at the upper lumbar areas and lower thoracic area and that the x-ray of the sacroiliac joint appeared to be narrow and blurred on examination. (Tr. 435). Dr. Honghiran felt that Plaintiff had a history of having chronic back pain for quite some time, and that he was very young at 37. He further recommended that Plaintiff be investigated for ankylosing spondylitis[1] or some type of inflammatory arthritis, since

---

[1] Ankylosing spondylitis - Arthritis of the spine, resembling rheumatoid arthritis, which may progress to bony ankylosis with ossification of the anterior and posterior longitudinal ligaments; the disease is more common in males, often with the rheumatoid factor absent and the LHA antigen present. ...Stedman's Medical Dictionary 1813 (28th ed. 2006).

his MRI was negative for herniated discs and "he appears to be in severe pain and he cannot function at this time." (Tr. 435). Dr. Honghiran felt it would be best for Plaintiff to be seen by a rheumatologist and get him an examination and workup for inflammatory type of arthritis. He did not think that Plaintiff was able to return to work on heavy equipment work at that time. (Tr. 435).

Plaintiff also suffered with methicillin resistant staphylococcus aureus (MRSA) infections between 2005 through 2009. (Tr. 260, 262-63, 265, 279-287, 296, 297,314-15, 362-364, 376, 380, 407-410, 412-414 ). This involved very painful, boils on different parts of Plaintiff's body, is highly contagious, and the infections would last for one to two weeks. (Tr. 44-45). Plaintiff testified that every time he broke out, his children broke out as well. (Tr. 45). These infections came about frequently during 2005 through 2009. At the hearing, Plaintiff stated that since he began not going out among the public much, he had not been having MRSA infections as frequently. (Tr. 44).

In his decision, with respect to Plaintiff's musculoskeletal impairment, the ALJ addressed Dr. Honghiran's evaluation and mentioned the fact that he recommended further workup for inflammatory type arthritis. (Tr. 15). However, he concluded that based on careful review of the overall medical evidence of record, "the claimant's sacroilitis and any related limitations were not severe to a degree that would limit activities beyond the scope of the residual functional capacity as determined in this decision." (Tr. 15). The ALJ also found that the RFC questionnaire completed by Dr. Spurgin, which reflected that Plaintiff had the ability to perform less than sedentary work, was not supported by the medical evidence of record from Dr. Spurgin "that clearly reflects objective findings and diagnostic tests results within normal limits; it

appears that in completing the questionnaire Dr. Spurgin simply restated information reported to him by the claimant." (Tr. 17).

Regarding Plaintiff's MRSA, the ALJ found that "the record reflects a pattern of localized and conservative treatment for the claimant's MRSA colonization with no evidence of sequelae or systemic infection," and concluded that Plaintiff's recurrent cellulitis abscesses and any related limitations were not severe to a degree that would limit activities beyond the scope of the RFC as determined in the decision.  (Tr. 15).

When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. 20 C.F.R. § 416.927(d)(2)(ii).  Additionally, the ALJ must either attempt to reconcile the medical reports of the treating physicians with those of the consulting physicians, or direct interrogatories to each of the physicians to obtain a more substantiated opinion of the plaintiff's capabilities and the onset of his disabilities.  See Smith v. Schweiker, 728 F.2d 1158, 1164 (8th Cir.1984); O'Leary v. Schweiker, 710 F.2d 1334, 1342 (8th Cir.1983); Funderburg v. Bowen, 666 F.Supp. 1291, 1298 -1299 (W.D.Ark. 1987).

The Court does not believe the ALJ adequately addressed the reasons he failed to give Plaintiff's treating physician's opinion any greater weight, if any, that he gave.  Clearly, even the consulting physician, Dr. Honghiran, noted Plaintiff's severe pain and recommended that a rheumatologist further evaluate Plaintiff, which recommendation was not taken by the ALJ, without any explanation from him as to why.

The Court therefore believes this matter should be remanded in order for Plaintiff to be

evaluated by a rheumatologist. A Physical RFC Assessment should be obtained from the rheumatologist, and once received, the ALJ should re-evaluate Plaintiff's RFC.

The Court is also somewhat concerned about Plaintiff's abscesses, or colonized MRSA diagnosis, which, according to Plaintiff, is incurable, and appears to be highly contagious. This was not adequately addressed by the ALJ and the Court therefore also recommends that upon remand, the ALJ should obtain more information and medical evidence about the MRSA, and whether the fact that it is contagious would impact Plaintiff's ability to function in the workplace.

**IV.     Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 3rd day of December, 2012.

/s/ Erin L. Setser
  HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE